UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DALLAS RAY DELAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV878 JCH |
| | ) |
| GEORGE A. LOMBARDI, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff sues defendants under 42 U.S.C. § 1983, alleging that he is being denied sufficient nutrition and that he has suffered injuries as a result. Under § 1915A, the Court is required to dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. After reviewing the complaint, the Court finds that all of the defendants must be dismissed except for Larry Burcham, who was the Food Service Manager.

Defendants are several officials or former officials at Potosi Correctional Center. Plaintiff alleges that there is not enough Vitamin B12 in the food served to prisoners, and he claims he has suffered from tongue pain, loss of taste and smell, and "possibly other illnesses." In his original complaint, he stated he suffered from memory loss as well.

For the most part, plaintiff claims that the defendants are liable because they were in supervisory roles or because they denied his grievances. Plaintiff claims that defendant Dr. McKinney "knew or should have known that many offenders at Potosi Correctional Center were suffering from a Vitamin B-12 deficiency." However, plaintiff alleges that defendant Larry Burcham was responsible for the diet.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff's claims against the supervisory officials do not sufficiently allege direct involvement. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). And plaintiff's claims against those defendants who denied his grievances do not state a claim for relief. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff's claim against Dr. McKinney goes to negligence only. And plaintiff does not claim that Dr. McKinney knew plaintiff was suffering from an objectively serious medical condition and deliberately ignored it.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to send plaintiff a summons form for defendant Larry Burcham.

An Order of Partial Dismissal will be filed separately.

Dated this 11th day of August, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE